539 P.2d 188

**In the Matter of the APPEAL IN PIMA COUNTY, JUVENILE ACTION NO. J-35316.**

**No. 2 CA-CIV 1845.**

Court of Appeals of Arizona, Division 2.

Aug. 26, 1975.

Abruzzo & Wasley by Gregory G. Wasley, Tucson, for appellant.

Bruce E. Babbitt, Atty. Gen., by Charles E. Buri, Asst. Atty. Gen., Tucson, for Arizona State Dept. of Economic Security.

Stolkin, Weiss & Tandy by Ronald J. Stolkin, Tucson, for appellees.

Richard D. Burris, Tucson, for Minor Children.

## OPINION

HOWARD, Chief Judge.

The natural mother of two minor children seeks review of a Juvenile Court order dated January 10, 1975, the substance of which retained jurisdiction of the minors as dependent children and continued certain custodial arrangements previously ordered by the court.[1] We have sua sponte raised the question of whether the subject order is a "final order" from which appeal will lie, as is our duty, and have concluded that it is not.

In 1970, the legislature enacted a comprehensive Juvenile Code which became effective August 11, 1970. Laws 1970, Ch. 223, Sec. 2. A.R.S. Sec. 8-236 provides that any aggrieved party may appeal to this court from a final order of the Juvenile Court. No provision is made, as in A.R.S. Sec. 12-2101 (as amended) for appeals from post-judgment orders. Since the Juvenile Code is a self-contained enactment, its provisions control rather than

1. The children had been placed in the home of their married step-sister where they had been residing for almost two years.

those of the general appeal statute. *Ginn v. Superior Court,* 1 Ariz.App. 455, 458, 404 P.2d 721 (1965).

Our review of the record discloses that the subject order actually is a special order after judgment for which there is no right of appeal. On December 20, 1972, a Juvenile Court petition was filed alleging the dependency of the minor children. On February 28, 1973, the Court declared them to be dependent children and ordered that the care, custody and control of the minors be placed with the State Department of Economic Security. The Court further ordered that physical placement of the minors be with their sister or such other placement as might be determined from time to time by the Welfare Office to be in the best interest of the minors. Also, that there be an annual review hearing or earlier review at the request of any party. This order was appealable. *In re Maricopa County,* 20 Ariz.App. 570, 514 P.2d 741 (1973). No appeal, however, was taken.

In March 1974, at the conclusion of a review hearing, the Juvenile Court again ordered the same disposition of the minor children with annual review or earlier if requested by a party. On July 5, 1974, the Court enlarged upon the March order, ordering that the minors remain in the care, custody and control of the Arizona State Department of Economic Security as previously ordered, with reasonable discretion on the part of the department to leave the children in placement as it determined necessary and proper and to make reasonable visitation arrangements. The Court also revised the prior support payments it had required appellant to make to the sister with whom the minors were living. This order also provided that any request for early review specify with particularity the appropriate change of circumstances and that no review would be held earlier than ninety days from date unless specifically ordered by the Court.

On November 1, 1974, a review hearing was conducted by the Court at which time the Court indicated its inclination to have the children continue living with their sister. The Court was of the opinion that the change in appellant's ability to exercise parental control was not of sufficient duration at that time to justify a change. Pursuant to a request for reconsideration, an additional hearing was conducted on December 9, 1974, and on January 10, 1975 a formal order was entered which adhered to the November 1974 ruling.

We hold that this last order was not a "final order" within the ambit of A. R.S. Sec. 8–236. There being no right of appeal, dismissal of this appeal is required. However, as we pointed out in the case of *In re Ginn,* supra, the non-availability of an appeal does not foreclose appellate review by way of special action.

Appeal dismissed.

KRUCKER and HATHAWAY, JJ., concur.