691 P.2d 1116

**In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. J–57445.**

**No. 1 CA–JUV 238.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 23, 1984.

Baker & Monahan by Wallace J. Baker, Jr., Phoenix, for appellants.

Robert K. Corbin, Atty. Gen. by C. Eileen Bond, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

HAIRE, Presiding Judge.

This appeal is from a juvenile court decision striking the appellants' response to a motion filed by the Arizona Department of Economic Security for change of custody of foster children formerly in appellants' care. We find that this court is without jurisdiction to consider the substance of this appeal.

## FACTS

The appellants Art Klinghammer and James Vieweg operated a foster home licensed by the Arizona Department of Economic Security (hereinafter D.E.S.). On August 8, 1983, Child Protection Services removed two foster children from appellants' home due to allegations that one of the children had been abused. On August 10, 1983, appellants filed a motion to review temporary custody pursuant to A.R.S. § 8–546.06. The juvenile court judge ruled that appellants' motion and the statute upon which it was based, were inapplicable to the procedure for removal utilized by D.E.S. The judge stated that D.E.S. had sole discretion to remove children from foster homes and that this discretion was not subject to challenge.[1] The appellants' response to the D.E.S. motion was therefore stricken.

Thereafter, D.E.S. filed in the juvenile court a motion for change of custody to formalize the removal and resettlement of the children. The appellants responded by filing a motion for change of judge. This motion was granted and a second juvenile court judge was substituted for the first. After appellants filed a response to the D.E.S.'s motion for change of custody, D.E.S. urged that appellants' response should be dismissed, claiming that the first judge's prior ruling denying appellant's § 8–546.06 motion foreclosed the second judge from reconsidering the position set forth in appellants' response. The second juvenile court judge agreed and ordered appellants' response stricken. D.E.S.'s motion for change of custody was then granted, and the children were placed in another licensed foster care home.

In their notice of appeal from the order placing the children in another foster care home, the appellants urge that the first judge's ruling did not preclude their opposition to the subsequently filed motion for change of custody.

D.E.S. has filed a "Motion to Dismiss and Response to Notice of Appeal," arguing that the appeal was improper because it was not brought from a final order. In addition, D.E.S. urges that the appellants, as foster parents, were not entitled to appeal because they were not parties aggrieved by the trial court's order. While the appeal was pending, this court denied the motion to dismiss stating that the juvenile

---

**1.** This decision was made in apparent reliance upon A.R.S. § 8–517 which states: "The division ... that placed the child may withdraw a child from a foster home when the division ... determines that withdrawal is necessary for the child's interests and welfare.

court's decision below was a final appealable order, citing *In the Matter of the Appeal in Yavapai County Juvenile Action No. J–8545,* 140 Ariz. 10, 680 P.2d 146 (1984). The issue of whether the foster parents were proper parties, was preserved for consideration in the disposition of the appeal on its merits.

■ After careful review we hold that our initial denial of the motion to dismiss the appeal was clearly erroneous. In our opinion, *In the Matter of the Appeal in Yavapai County Juvenile Action No. J–8545, supra,* is factually distinguishable and not controlling in this action. We hold that the decision appealed from is not a "final order," and that the appeal by the foster parents from that order must be dismissed.

## THE DECISION BELOW WAS NOT A FINAL ORDER

Rule 24(a) of the Rules of Procedure for the Juvenile Court (R.P.J.C.) states in part, "Any aggrieved party may appeal from a *final order* of the juvenile court to the Court of Appeals." (Emphasis added).

There are no reported Arizona cases in which any party has attempted to appeal from a juvenile court order removing a foster child from a foster home. However, Arizona courts have considered whether orders terminating the parent-child relationship as well as orders adjudicating a child dependent, are final appealable orders within the meaning of R.P.J.C. 24(a).

The Arizona Supreme Court has stated that a "final order" in a "termination" proceeding "is one which ends the proceedings, leaving no questions open for further judicial action." *In the Matter of the Appeal in Pima County Juvenile Action No. S–933,* 135 Ariz. 278, 280, 660 P.2d 1205, 1207 (1982). In that case the final order terminated the natural father's parental relationship with his child. Thus the termination of the proceeding was also the termi-

nation of the parent-child relationship and as such it clearly left no questions open for further judicial action.

In *In the Matter of the Appeal in Pima County, Juvenile Action No. J–35316,* 24 Ariz.App. 384, 539 P.2d 188 (1975), the court of appeals considered whether a court order continuing certain custodial arrangements previously ordered in a dependency case, was a "final order" from which the parent of the dependent child could appeal. The court of appeals held that it was not. The court held that the provisions of A.R.S. § 12–2101 allowing appeals from special orders entered after final judgment were not applicable in juvenile proceedings. Therefore, the only final appealable order was held to be the initial order which declared the children dependent and provided for their care and custody. Subsequent orders relating to custodial arrangements were not appealable orders. The court did note, however, that "the non-availability of an appeal does not foreclose appellate review by way of special action." 24 Ariz.App. at 385, 539 P.2d at 189.[2] This interpretation of the meaning of "final order" in the context of an appeal by a parent in dependency proceedings was subsequently overruled by the Arizona Supreme Court.

In *In the Matter of the Appeal in Yavapai County Juvenile Action No. J–8545, supra,* the supreme court overruled *Juvenile Action No. J–35316, supra,* remarking that its conception was "inappropriate in cases involving the important and fundamental right to raise one's children." 680 P.2d at 150. The supreme court stated:

"From a practical perspective, each periodic review of a dependency determination is a new determination of whether or not a child is dependent. Therefore, orders declaring children dependent and orders reaffirming findings that children are dependent are final orders subject to

---

**2.** Parties aggrieved by juvenile court decisions could, in proper circumstances, bring special actions before the court of appeals to obtain expeditious review of their case. *See Ginn v.*

*Superior Court,* 1 Ariz.App. 455, 404 P.2d 721 (1965). *In the Matter of the Appeal in Pima County, Juvenile Action No. J–35316,* 24 Ariz. App. 384, 539 P.2d 188 (1975).

appeal by aggrieved parties." 680 P.2d at 150.

The court thus expanded the concept of a final order insofar as concerns parental rights in dependency cases "in the light of the fundamental right at stake." 680 P.2d at 150.

That the court's decision in *In the Matter of the Appeal in Yavapai County Juvenile Action No. J-8545, supra,* is limited specifically to dependency orders which constitute a reaffirmation of dependency status vis-a-vis the parent, is made clear by the following passage:

"*[O]rders declaring children dependent and orders reaffirming findings that children are dependent* are final orders subject to appeal by aggrieved parties. *A parent denied and re-denied control over his or her children must have the right to appeal the initial and subsequent denials.* This does not mean that he or she shall be able to challenge a custodial arrangement every month. What it means is that an aggrieved party may appeal an order issued pursuant to the juvenile court's periodic review of a determination of dependency or a custodial arrangement. See A.R.S. § 8–515(C), (D)." 680 P.2d at 150 (emphasis added).

The court's reference to A.R.S. § 8–515(C) and (D) [3] raises the issue of whether the supreme court intended to include in its definition of final orders, juvenile court orders which merely involve the relocation of children from one foster home to another and do not purport to re-adjudicate the dependency status of the child. The supreme court's repeated emphasis upon the fundamental rights present in the parent-child relationship suggests that the court did not intend to allow foster parents who have no similarly protected relationship to appeal a removal of foster children from their care. In addition, the text of the opinion makes clear that the court was concerned with "final orders" only in the context of the rights of a parent in dependency proceedings. In our opinion the citation to A.R.S. § 8–515(C) and (D) in the supreme court's decision is relevant only insofar as it pertains to parties to the parent-child relationship. [4]

A review of the pertinent statutes clearly demonstrates that foster parents perform a highly regulated service and that the legal rights of foster parents to a continuation of their relationship with the foster child is not at all analogous to the parent-child relationship. A.R.S. § 8–501(A)(4) defines a foster home as "a home maintained by any individual or individuals having the

**3.** A.R.S. § 8–515 reads in pertinent part:
 "C. When a child has remained in foster care for a period of one year, the juvenile court shall conduct a review of the dispositional order for such child. The court may reaffirm the order or direct other disposition of the child. After such initial review, the juvenile court shall conduct additional reviews of a dispositional order which continues use of foster care at least once each year. At such additional reviews, the court may continue to reaffirm the order or may direct other disposition of the child.
 "D. Notice of the review and the right of participation in all proceedings under this title pertaining to a child in foster care, shall be provided by the juvenile court by certified mail unless the court determines that another notification process is more appropriate. Such notice shall be provided to:
 "1. The authorized agency charged with the care and custody of such child.
 "2. Any foster parents in whose home the child resided within the last six months or

resides at present, except for those foster parents who maintain a receiving foster home.
 "3. The child's parent or guardian unless the parental rights of such parent or guardian have been terminated by court action or unless the parent has relinquished rights to the child to an agency or has consented to the adoption of the child as provided in § 8–107.
 "4. The foster child, if age twelve or older.
 "5. Such other person as the court may direct."

**4.** We note that Div. 2 of this court has held that while A.R.S. § 8–515(D)(2) gives foster parents a right to notice of and participation in foster care review proceedings, the statute does not afford party status to foster parents so as to entitle them to participate as parties in an appellate review of such proceedings. *See In the Matter of the Appeal in Pima County, Juvenile Action No. J-64016,* 127 Ariz. 296, 619 P.2d 1073 (App.1980).

**92**

care or control of minor children, *other than* those related to each other by blood or marriage, or related to such individuals, *or who are legal wards of such individuals.*" (Emphasis added). A foster parent is any individual who maintains a foster home. A.R.S. § 8–501(A)(5). D.E.S. and certain licensed child welfare agencies are responsible for the "placement" of foster children in foster homes. A.R.S. § 8–514. Foster homes are licensed by the D.E.S. and are subject to an annual license review. A.R.S. § 8–509. D.E.S. is responsible for the foster child's medical and dental care. A.R.S. § 8–512. Finally, D.E.S. or the authorized placing agency may "withdraw a child from a foster home when the division or agency determines that withdrawal is necessary for the child's interests and welfare." A.R.S. § 8–517.

 As we have previously indicated, the provisions of A.R.S. § 12–2101 relating to the appealability of special orders entered after final judgment are not applicable in juvenile proceedings. In summary, we do not find any indication that the legislature or the supreme court intended that an order such as gave rise to this appeal would be a final appealable order. We therefore hold that juvenile court orders which merely relate to a change of placement of a foster child from one foster home to another and which do not constitute a reaffirmation of dependency status vis-a-vis the parent are not "final orders" appealable pursuant to Rule 24, Arizona Rules of Procedure for the Juvenile Court. Although much of the reasoning set forth in this opinion would also indicate that appellants are not "aggrieved parties" with standing to prosecute this appeal, we need not decide that issue since the appeal must be dismissed because of the lack of an appealable order.

The appeal is dismissed.

BROOKS and GRANT, JJ., concur.