774 P.2d 842

**In the Matter of the Appeal in MARI-COPA COUNTY JUVENILE ACTION NO. JD–500116.**

**No. 1 CA–JV 89–010.**

Court of Appeals of Arizona, Division 1, Department D.

June 6, 1989.

Robert K. Corbin, Atty. Gen. by Robert Sorce, Asst. Atty. Gen., Phoenix, for Arizona Dept. of Economic Sec.

John L. Popilek, Phoenix, for natural father.

Schiffman, Hozier & Kurth, P.C. by Brooks T. Hozier, Phoenix, for child.

## OPINION

GRANT, Chief Judge.

The natural father appeals from the juvenile court order granting the Department of Economic Security's motion to change physical custody of his dependent 5–year-old daughter from a foster placement in Phoenix to the child's maternal aunt and uncle in Orlando, Florida. DES moved to dismiss the appeal, arguing that the order from which the appeal is taken is not a "final order" within the meaning of Rule 24(a), Arizona Rules of Procedure for the Juvenile Court, and is therefore not appealable. We previously denied that motion by unpublished order and now issue this opinion to explain our ruling.

DES initiated the underlying juvenile action by filing a dependency petition, pursuant to A.R.S. § 8–201 *et seq.*, on November 23, 1987. The petition alleged that the child, whose mother is deceased, was living in a van behind Denny's Restaurant on East Van Buren in Phoenix and had been left in the restaurant for several hours at a time, unsupervised by her father. The petition also alleged that, when she was taken into police care, she had cigarette burns on her right foot. She said her father had inflicted the burns.

After an evidentiary hearing on April 14, 1988, the juvenile court found by a preponderance of the evidence that the child's injuries were cigarette burns caused by her father. The court determined the child was dependent and made her a ward of the court committed to the care, custody and control of DES. The father appealed from this order, and on November 3, 1988, in 1 CA–JV 88–018, this court affirmed the order by memorandum decision.

On August 15, 1988, DES moved for an order setting a report and review hearing "to resolve the issue of whether the father intends to submit to a psychological evaluation." DES's motion stated:

The father has repeatedly declined to participate in a psychological evaluation for the reason that statements made during the evaluation may be used against him in a criminal prosecution. Attached hereto and incorporated herein is a letter dated July 27, 1988 from Deputy County Attorney Steven C. Windtberg stating that his office will not use the father's statements made during a psychological evaluation as evidence in a criminal prosecution.

Therefore, A.D.E.S. requests that this Court order the father to submit to a psychological evaluation. If he refuses to do so, alternative case planning including placement with relatives in Florida will be recommended to the Court.

The juvenile court set a report and review hearing for August 17, 1988.

After the hearing, the juvenile court found that DES had made reasonable efforts to eliminate the need to remove the child from the home and to reunite the child and her father. It also found that foster care was necessary to protect the child's welfare. The court ordered weekly supervised visits between the father and the child and continued the child's commitment to DES as a dependent child. Additionally, it directed the father to attend a psychological evaluation on September 2, 1988. The juvenile court's minute entry stated:

The Court considers the psychological evaluation of the father critical in this case. In the event the father refuses to attend the psychological evaluation, the Court will consider whether it is necessary to change the case plan from return to parent to relative placement.

The father did not attend the evaluation.

On September 23, 1988, DES submitted a motion to the juvenile court asking for an order that the child remain a ward of the court in the care of DES and that she be placed in the physical custody of her aunt and uncle in Orlando, Florida. On October 11, 1988, at an initial hearing on the motion, the court found that the child remained dependent and continued her as a ward of the court committed to DES care, custody and control. It again ordered the father to participate in a psychological evaluation, and continued the hearing on the motion for change in physical custody to December 5, 1988, the date previously set for a contested report and review hearing. The father did not participate in a psychological evaluation.

At the report and review hearing of December 5, 1988, the juvenile court again ordered the father to attend and participate in a psychological evaluation and set an evidentiary hearing on the motion for change in physical custody for January 12, 1989. The court again found that DES had made reasonable efforts to eliminate the need for the child's removal from the home and to reunite the child with her father. It also continued the child as a dependent child in DES care and found foster care was needed to protect her welfare. The father did not appeal this order.

The juvenile court heard evidence on the motion for change in physical custody on January 12, 1989. The court was advised that the father had not attended the psychological evaluation. At that hearing, the father agreed to attend a psychological evaluation, and the juvenile court accordingly continued the hearing on the motion until January 31, 1989. On January 31, 1989, the juvenile court was again advised that the father had refused to attend the psychological evaluation. The court heard the remainder of the evidence and took the motion for change in physical custody under advisement.

On February 6, 1989, the juvenile court issued the minute entry order from which the father now appeals. The court granted the motion for change in physical custody and transferred physical custody of the child to her aunt and uncle in Florida, finding in part:

The child needs a long term placement where there will be a commitment to the child, where there will be stability and structure, and where the child will be free from risk of further injury. The Court agrees that a relative placement is the more appropriate placement at this time than continued foster placement because there is no reasonable likelihood that the father will accept responsibility for the child's injuries or participate in appropriate services to reduce the risk of future abuse to the child.

. . . .

THE COURT FURTHER FINDS that, under the circumstances, the Arizona Department of Economic Security has made reasonable efforts to eliminate the need for the child's removal from the home and to reunite the child and parent.

The court also directed that all visitation between the father and the child be supervised and take place at the discretion of the Florida caseworker; that the father not call or go to the residence of the aunt and uncle; and that the father not go to the child's Florida school. The court did not explicitly reaffirm the child's dependent status, but set another report and review hearing for August 8, 1989.

The father filed a timely and sufficient notice of appeal from the order transferring physical custody of the child and finding that DES had made "reasonable efforts . . . to reunite the child and parent." DES and the child both filed responses objecting to the notice of appeal. DES also filed a motion to dismiss the appeal on the ground that the order from which the appeal was taken did not constitute a final, appealable order. We concluded that this was incorrect and denied the motion.

Rule 24(a), Arizona Rules of Procedure for the Juvenile Court, permits any aggrieved party to appeal to this court from a "final order" of the juvenile court. *See also* A.R.S. § 8–236(A). Two Arizona decisions have addressed the nature of a final order in a dependency matter. *In Re Yavapai County Juvenile Action No. J–8545*, 140 Ariz. 10, 680 P.2d 146 (1984); *In Re Maricopa County Juvenile Action No. J–57445*, 143 Ariz. 88, 691 P.2d 1116 (App. 1984). In *Juvenile Action No. J–8545*, the affected children's paternal aunt and uncle appealed from an order dismissing a dependency proceeding after previously authorized guardianship proceedings had been commenced in California by the children's maternal grandmother. The court of appeals held that the order dismissing the dependency proceedings was not a final order within the meaning of Rule 24(a) and therefore dismissed the appeal of that order on the grounds that the court lacked jurisdiction. On review of *Juvenile Action No. J–8545*, the Arizona Supreme Court vacated dismissal of the appeal and specifically overruled Division 2's opinion in *In Re Pima County Juvenile Action No. J–35316*, 24 Ariz.App. 384, 539 P.2d 188 (1975). The court of appeals had held that the only final order in a dependency proceeding was the juvenile court's initial determination of dependency; in its view, no appeal was permitted from a later order denying the appellant mother's attempt to regain parental control. The supreme court found that the court of appeals had applied a too "narrow" and "technical con-

ception of what constitutes a final order." *Juvenile Action No. J–8545*, 140 Ariz. at 14, 680 P.2d at 150. The court stated:

From a practical perspective, each periodic review of a dependency determination is a new determination of whether or not a child is dependent. Therefore, orders declaring children dependent and orders reaffirming findings that children are dependent are final orders subject to appeal by aggrieved parties. A parent denied and redenied control over his or her children must have the right to appeal the initial and subsequent denials. This does not mean that he or she shall be able to challenge a custodial arrangement every week or every month. What it means is that an aggrieved party may appeal an order issued pursuant to the juvenile court's periodic review of a determination of dependency or of a custodial arrangement, *see* A.R.S. § 8–515(C), (D).[1] Though this may impose an additional burden on our Court of Appeals, it is a burden the Court of Appeals must bear in light of the fundamental right at stake. Because the Court of Appeals failed to recognize this in *Juvenile Action No. J–35316*, it is overruled.

*Id.* The court went on to hold:

A finding of dependency disposes of the issue of whether a child is dependent and simultaneously triggers a custody proceeding. It is, therefore, only the first step in an effort to provide for minor children who are not being adequately cared for. Whether determination of dependency and the concomitant award of

---

1. A.R.S. § 8–515 provides in part:

C. When a child has remained in foster care for a period of one year, the juvenile court shall conduct a review of the dispositional order for such child. The court may reaffirm the order or direct other disposition of the child. After such initial review, the juvenile court shall conduct additional reviews of a dispositional order which continues use of foster care at least once each year. At such additional reviews, the court may continue to reaffirm the order or may direct other disposition of the child.

D. Notice of the review and the right of participation in all proceedings under this title pertaining to a child in foster care, shall be provided by the juvenile court by certified mail unless the court determines that another

notification process is more appropriate. Such notice shall be provided to:

1. The authorized agency charged with the care and custody of such child.

2. Any foster parents in whose home the child resided within the last six months or resides at present, except for those foster parents who maintain a receiving foster home.

3. The child's parent or guardian unless the parental rights of such parent or guardian have been terminated by court action or unless the parent has relinquished rights to the child to an agency or has consented to the adoption of the child as provided in § 8–107.

4. The foster child, if age twelve or older.

5. Such other person as the court may direct.

custody are considered two separate actions—a dependency proceeding to determine if a child is dependent, and a custody proceeding triggered thereby—or two parts of a single action is unimportant. We will not spend our time making technical distinctions. What is important is the practical reality that an order declaring a child dependent affects a fundamental right and an order dismissing a pending award of child custody precludes further action in the dismissing court such that the party is effectively put out of court. An order that disposes of an issue such that it conclusively defines the rights and/or duties of a party in a dependency proceeding in the juvenile court of this state, such as an order declaring a child or children dependent and an order dismissing a dependency proceeding in toto, is a final order subject to appeal by an aggrieved party.

*Id.* at 14–15, 680 P.2d at 150–51 (footnote omitted).

In *Juvenile Action No. J–57445,* the operators of a licensed foster home appealed from an order removing two foster children from the appellants' foster home and placing them in another foster home. We dismissed the appeal, stating,

> We ... hold that juvenile court orders which merely relate to a change of placement of a foster child from one foster home to another and which do not constitute a reaffirmation of dependency status vis-a-vis the parent are not "final orders" appealable pursuant to Rule 24, Arizona Rules of Procedure for the Juvenile Court.

143 Ariz. at 92, 691 P.2d at 1120. We characterized the supreme court's opinion in *Juvenile Action No. J–8545* as being "limited specifically to dependency orders which constitute a reaffirmation of dependency status vis-a-vis the parent...." *Id.* at 91, 691 P.2d at 1119. Referring to that case, we further stated:

> The court's reference to A.R.S. § 8–515(C) and (D) raises the issue of whether the supreme court intended to include in its definition of final orders, juvenile court orders which merely involve the relocation of children from one foster home to another and do not purport to re-adjudicate the dependency status of the child. The supreme court's repeated emphasis upon the fundamental rights present in the parent-child relationship suggests that the court did not intend to allow foster parents who have no similarly protected relationship to appeal a removal of foster children from their care. In addition, the text of the opinion makes clear that the court was concerned with "final orders" only in the context of the rights of a parent in dependency proceedings. In our opinion the citation to A.R.S. § 8–515(C) and (D) in the supreme court's decision is relevant only insofar as it pertains to parties to the parent-child relationship.

*Id.* (footnotes omitted).

At first blush, our holding in *Juvenile Action No. J–57445* might suggest the conclusion that the order on appeal in the instant case is not a final order because it merely changes the placement of the child in question from a foster home to a relative's home and does not expressly reaffirm the child's dependency status. As we previously noted, however, the supreme court explicitly stated in *Juvenile Action No. J–8545* that "an aggrieved party may appeal an order issued pursuant to the juvenile court's periodic review of a determination of dependency *or of a custodial arrangement, see* A.R.S. § 8–515(C), (D)." 140 Ariz. at 14, 680 P.2d at 150 (emphasis added). The rationale by which the court in *Juvenile Action No. J–57445* determined this language to be inapplicable depended heavily on the fact that that case concerned an appeal by foster parents rather than by a natural parent with fundamental rights in his or her child. The order on appeal in the instant case will have a substantial impact on the natural father's practical ability to have any contact with his child. We conclude that the father is, therefore, in the position of a "parent ... redenied control" over his child as the result of a contested review by the juvenile court "of a custodial arrangement" pursuant to A.R.S. § 8–515(C) within the analysis in *Juvenile Action No. J–8545.* The order from which

he now appeals was a final order within Juvenile Rule 24(a).

The motion to dismiss the appeal is denied.

KLEINSCHMIDT, P.J., and FIDEL, J., concur.