IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

NOV 30 2011

COURT OF APPEALS
DIVISION TWO

FRANCISCO F.,                          )
                                       )
                      Appellant,       )     2 CA-JV 2011-0046
                                       )     DEPARTMENT A
          v.                           )
                                       )     O P I N I O N
ARIZONA DEPARTMENT OF ECONOMIC         )
SECURITY and SHAWN S.,                 )
                                       )
                      Appellees.       )
                                       )

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. S1100JD200700135

Honorable Joseph R. Georgini, Judge

AFFIRMED AS CORRECTED

Harriette P. Levitt                                             Tucson
                                                  Attorney for Appellant


Thomas C. Horne, Arizona Attorney General
  By Eric Devany                                                  Mesa
                                            Attorneys for Appellee Arizona
                                         Department of Economic Security


E C K E R S T R O M, Presiding Judge.

¶1 Francisco F. appeals from the juvenile court's March 2011 order terminating his parental rights to Shawn S., born in June 2009. Francisco challenges the court's November 2009 order granting the Arizona Department of Economic Security's motion, made pursuant to A.R.S. § 8-846 and Rule 57, Ariz. R. P. Juv. Ct., to relieve it of its duty to provide him with reunification services. He contends that because of this erroneous ruling, the order terminating his rights also was erroneous. A.R.S. § 8-533(B)(2), (4).

¶2 Shawn was removed from his mother's care and placed in foster care shortly after his birth. After Francisco's paternity was established, the Arizona Department of Economic Security (ADES) filed an amended dependency petition in which it alleged, inter alia, Francisco was unable to parent because his parental rights to two other children had been terminated and he had been convicted of felony child abuse in 2002. ADES noted Francisco had "participated in a psychological evaluation" and the psychologist had "concluded [he] has not successfully addressed the issues that led to the [prior] termination and is unable to discharge parental responsibilities."

¶3 On September 22, 2009, ADES filed a motion to discontinue reunification services, pursuant to § 8-846(B)(1)(d) and (e) and Rule 57.[1] On November 13, 2009,

---

[1]In a dependency proceeding, ADES generally is required to provide reunification services under § 8-846(A), but subsection (B) provides an exception. If a court finds by clear and convincing evidence that one of several enumerated grounds exists, then those services are not required. § 8-846(B). Among those grounds is that "[t]he parent's rights to another child have been terminated, the parent has not successfully addressed the

following the second day of a two-day hearing commenced in September, the juvenile court found "further reunification attempts [we]re not required by [ADES]." The court added, clear and convincing evidence had established both that "at least one of the children of this father was a victim of physical and emotional injury at [his] hands" and that Francisco had been convicted of child abuse involving his child Frank F., a class five felony that resulted in Francisco's imprisonment and the termination of his parental rights to that child. Furthermore, the court found Francisco "ha[d] not successfully addressed the issues that led to the [prior] termination [of his parental rights] and at this time he is unable to discharge parental responsibilities." Francisco did not challenge the November 2009 ruling, and the court subsequently adjudicated Shawn dependent as to Francisco.

¶4        Before Shawn was adjudicated dependent, ADES filed a motion to sever Francisco's parental rights pursuant to § 8-533(B)(2) and (4). ADES again alleged Francisco had abused a child, had been convicted of child abuse, and was "unable to parent due to a prior termination." After a contested severance hearing, the juvenile court granted ADES's motion and terminated Francisco's parental rights, executing a formal judgment containing findings of fact and conclusions of law on March 7, 2011.[2]

---

issues that led to the termination and the parent is unable to discharge parental responsibilities." § 8-846(B)(1)(e).

[2]We note the order the juvenile court signed contains what appears to be a clerical error relating to the grounds for severance. The court's factual findings relate to § 8-533(B)(2) and (4), which the court cited. But in the section of its order entitled "Order," the court stated it was terminating Francisco's parental rights to Shawn "pursuant to A.R.S. § 8-533(B)(3), 8-533(B)(8)(b) and 8-533(B)(8)(a)." Those grounds were not

Although Francisco filed an untimely notice of appeal, which this court dismissed, he subsequently obtained leave from the juvenile court pursuant to Rule 108(B), Ariz. R. P. Juv. Ct., to file a delayed notice of appeal from the March 7, 2011 order. This is that appeal.

**¶5** Francisco first maintains the juvenile court "improperly granted ADES'[s] motion pursuant to Rule 57." ADES asserts, however, that because Francisco failed to timely appeal from the court's Rule 57 order, this court lacks "jurisdiction to consider [his] claim that the order was erroneous." We therefore must determine whether this court may address Francisco's challenge to the November 2009 ruling in his appeal from the March 2011 termination order. To answer that question, we must decide whether the November 2009 ruling was a final, appealable order.

**¶6** "The Court of Appeals is a court of limited jurisdiction and has only jurisdiction specifically given to it by statute." *Campbell v. Arnold*, 121 Ariz. 370, 371, 590 P.2d 909, 910 (1979). Whether we have jurisdiction is a question of law subject to our de novo review. *State v. Flores*, 218 Ariz. 407, ¶ 6, 188 P.3d 706, 709 (App. 2008). So, too, is the interpretation of a statute. *See Andrew R. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 453, ¶ 16, 224 P.3d 950, 953-54 (App. 2010).

---

alleged in ADES's motion to terminate Francisco's rights, were not the bases of ADES's case during the severance hearing, and did not relate to the factual findings in the preceding section of the order. The court clearly terminated Francisco's rights based on the earlier termination of his parental rights to other children and his abuse of a child and felony conviction, pursuant to § 8-533(B)(2) and (4). We therefore correct the termination order accordingly.

¶7 Section 8-235, A.R.S., governs our jurisdiction of appeals from juvenile court rulings and provides that "[a]ny aggrieved party in any juvenile court proceeding . . . may appeal from a final order of the juvenile court." But, "[n]either the rules nor the statute define a final order for purposes of appeal." *Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, ¶ 2, 1 P.3d 155, 156 (App. 2000). We therefore refer "to decisions addressing the appealability of orders entered in various other juvenile proceedings" to determine whether a given order is final and appealable. *Id.* Because of the "important and fundamental right to raise one's children," we will not apply a "narrow, technical conception of what constitutes a final order," *In re Yavapai Cnty. Juv. Action No. J-8545*, 140 Ariz. 10, 14, 680 P.2d 146, 150 (1984), but rather consider "the practical effect that the . . . order would have on that right." *In re Maricopa Cnty. Juv. Action No. JD-5312*, 178 Ariz. 372, 374, 873 P.2d 710, 712 (App. 1994). "'An order that disposes of an issue such that it conclusively defines the rights and/or duties of a party in a dependency proceeding in the juvenile court of this state' is a final order subject to appeal." *Rita J.*, 196 Ariz. 512, ¶ 4, 1 P.3d at 156, *quoting Yavapai Cnty. No. J-8545*, 140 Ariz. at 15, 680 P.2d at 151.

¶8 Applying these principles here, we conclude the juvenile court's ruling on the Rule 57 motion was a final and appealable order. An order terminating visitation is a final, appealable order, *Maricopa Cnty. No. JD-5312*, 178 Ariz. at 374-75, 873 P.2d at 712-13, and visitation is considered a reunification service. *See Michael M. v. Ariz. Dep't of Econ. Sec.*, 202 Ariz. 198, ¶ 9, 42 P.3d 1163, 1165 (App. 2002). Thus, by no

5

longer requiring ADES to provide reunification services, the court effectively terminated Francisco's right to visitation.[3] The order therefore "conclusively define[d] appellant's rights regarding visitation of h[is] child[]." *Maricopa Cnty. No. JD-5312*, 178 Ariz. at 374, 873 P.2d at 712. Additionally, the order "conclusively define[d]" Francisco's rights and ADES's duties regarding other reunification services. *Yavapai Cnty. No. J-8545*, 140 Ariz. at 15, 680 P.2d at 151. We conclude, therefore, that an order granting a motion pursuant to Rule 57 and § 8-846, relieving ADES of its duty to provide reunification services is a final, appealable order. We therefore lack jurisdiction to consider Francisco's challenge to that ruling, from which he did not timely appeal. *See Jared P. v. Glade T.*, 221 Ariz. 21, ¶ 14, 209 P.3d 157, 160 (App. 2009) (when appeal not filed timely "we do not have jurisdiction").

**¶9** Francisco also alleges the juvenile court's "ultimate decision to terminate [his] parental rights constitutes reversible error," but his challenge is based primarily on his contention that the court had "improperly denied [him] reunification services." To the extent he otherwise maintains the court erred in terminating his parental rights, his argument is essentially an invitation to reweigh the evidence presented to the juvenile court. This we will not do. *See Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, ¶ 4,

---

[3]It is unclear from the record before us whether visitation in fact was terminated after the court granted the Rule 57 motion. In February 2010, Shawn's court-appointed special advocate noted that visitation had been "discontinued since [the] last court date." A report from Child Protective Services dated in December 2009 discussed Francisco's behavior during visitation, but did not indicate when that visitation had taken place. Even if some visitation was allowed after entry of the order, however, that fact would not alter our analysis because Francisco was not legally entitled to that service.

6

100 P.3d 943, 945 (App. 2004).  The court's order terminating Francisco's parental rights therefore is affirmed as corrected.

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge