VÁSQUEZ, Presiding Judge:
*1122 ¶ 1 Jewel C. appeals from the juvenile court's order changing the placement of her great-grandchildren from her care to that of their "psychological paternal grandmother," Kay. She contends the court "abused its discretion by granting" the state's motion requesting the change "in violation of the placement preferences established by A.R.S. § 8-514(B)." She further asserts the court made "numerous findings ... without credible bases."
¶ 2 In its answering brief, the Department of Child Safety (DCS) contends as a threshold matter that we lack jurisdiction over this appeal. It asserts, "Jewel is not an aggrieved party and the order is not final and appealable." Our jurisdiction in juvenile matters is provided by A.R.S. § 8-235, which provides that "[a]ny aggrieved party in any juvenile court proceeding under this title may appeal from a final order of the juvenile court to the court of appeals." Both factors must be present-the person must be an aggrieved party and the court's order must be final. Id. Thus, we must determine whether Jewel is an "aggrieved party" and whether the juvenile court's order changing the children's placement is a "final order."
¶ 3 "To qualify as an aggrieved party, the judgment must operate to deny the party some personal or property right or to impose a substantial burden on the party." In re Pima Cty. Juv. Action No. B - 9385 , 138 Ariz. 291, 293, 674 P.2d 845, 847 (1983). And, in evaluating our jurisdiction, we do not employ a "narrow, technical conception" of a final order, but rather, "examine the practical effect of the juvenile court's order" on the appealing party's purported rights. In re Maricopa Cty. Juv. Action No. JD-5312 , 178 Ariz. 372, 374, 873 P.2d 710, 712 (App. 1994). A final order is one "that disposes of an issue such that it conclusively defines the rights and/or duties of a party in a dependency proceeding." Francisco F. v. Ariz. Dep't of Econ. Sec. , 228 Ariz. 379, ¶ 7, 266 P.3d 1075, 1077 (App. 2011).
¶ 4 Jewel contends she is entitled to appeal based on the juvenile court having allowed her to intervene in the matter. Jewel filed a motion to intervene in the dependency proceeding in June 2016, and the court granted permissive intervention. Arizona courts have long allowed grandparents, as well as other relatives, to be granted permissive intervention in dependency proceedings so long as the requirements of Rule 24, Ariz. R. Civ. P., are met and intervention advances the best interests of the children involved. See Bechtel v. Rose , 150 Ariz. 68, 73, 722 P.2d 236, 241 (1986) ; see also Allen v. Chon-Lopez , 214 Ariz. 361, ¶¶ 11-12, 153 P.3d 382, 386 (App. 2007). And in Bechtel , our supreme court, although accepting special action jurisdiction, suggested that grandparents are entitled to appeal a juvenile court's ruling denying their motion to intervene. 150 Ariz. at 71, 722 P.2d at 239. In allowing permissive intervention in Bechtel , however, our supreme court cautioned that "intervention merely allows the [relative] to be heard; it does not confer any right to custody upon them."[1] 150 Ariz. at 73 n.3, 722 P.2d at 241.
¶ 5 Jewel also asserts that she is "an aggrieved party" because she has "a *1123 statutory interest in placement pursuant to" A.R.S. § 8-514(B)(2) and (3), "as a member of the extended family." That statute sets forth the preferences for placement and lists "kinship care" above placement in other foster care situations. Id. But, as we have previously pointed out, "the order of placement is a preference, not a mandate."[2] Antonio P. v. Ariz. Dep't of Econ. Sec. , 218 Ariz. 402, ¶ 12, 187 P.3d 1115, 1118 (App. 2008). More importantly, we have likewise made clear that "the intent [of the statutory scheme for placement] is to protect dependent children, not the interests of potential foster or adoptive placements." Lorenz v. State , 238 Ariz. 556, ¶¶ 14, 20, 364 P.3d 475, 477, 478 (App. 2015) (concluding DCS owed no duty to grandparents in negligence action).
¶ 6 Indeed, "[n]othing in the [kinship foster care] statute suggests that relatives are the intended beneficiaries of the kinship foster care program or that the program was designed to protect potential placements." Id. ¶ 17. Furthermore, under A.R.S. § 8-517, DCS may withdraw a child from a foster home when it "determines that withdrawal is according to written, specific standards and is clearly necessary for the child's interests and welfare" and may withdraw a child placed pursuant to A.R.S. § 8-514.02, including a placement with a relative, "if the change is necessary for the child's best interests and welfare."
¶ 7 A great-grandparent, or other third party, may, however, petition for placement under certain circumstances, pursuant to A.R.S. § 25-409. The legislature having provided a means by which a third party may independently obtain rights to placement of a child, we have no basis to read such a right into § 8-514, as Jewel suggests we should.[3] Thus, we conclude that because a great-grandparent has no right to placement of a child in the absence of an order granting third-party rights pursuant to § 25-409, under the circumstances in this case, Jewel has no right that is aggrieved by a ruling changing placement of the children, and she therefore cannot appeal. See § 8-235 ; cf. Antonio M. v. Ariz. Dep't of Econ. Sec. , 222 Ariz. 369, ¶ 2, 214 P.3d 1010, 1011 (App. 2009) (parent whose rights have been severed cannot appeal from subsequent order changing placement); Lindsey M. v. Ariz. Dep't of Econ. Sec. , 212 Ariz. 43, ¶ 11, 127 P.3d 59, 62 (App. 2006) (incarcerated parent aggrieved by disposition order and foster placement based on fundamental right to raise children); Elliott v. Elliott , 612 S.W.2d 889, 891 (Mo. Ct. App. 1981) (third party may obtain "the status of aggrieved part[y]" for purposes of appeal in custody proceedings when they have "become in loco parentis to the child" by virtue of custody decree).
¶ 8 We further conclude the order at issue in this matter is not a final order for purposes of § 8-235. Employing a broad conception of a final order in view of a parent's fundamental rights, our supreme court has determined that "orders declaring children dependent and orders reaffirming findings that children are dependent are final orders subject to appeal by aggrieved parties." In re Yavapai Cty. Juv. Action No. J-8545 , 140 Ariz. 10, 14, 680 P.2d 146, 150 (1984). But, "juvenile court orders which merely relate to a change of placement of a foster child from one foster home to another and which do not constitute a reaffirmation of dependency status vis-a-vis the parent are not 'final orders' appealable pursuant to Rule 24, Arizona Rules of Procedure for the Juvenile Court." In re Maricopa Cty. Juv. Action No. J-57445 , 143 Ariz. 88, 92, 691 P.2d 1116, 1120 (App. 1984). In contrast, change of placement orders affecting the rights of parents are viewed differently.[4] Thus, when a natural *1124 father appealed from an order that changed placement of the child to another state, the order was appealable because it had "a substantial impact on [his] practical ability to have any contact with his child." In re Maricopa Cty. Juv. Action No. JD-500116 , 160 Ariz. 538, 542, 774 P.2d 842, 846 (App. 1989) ; see also Antonio P. , 218 Ariz. 402, ¶ 12, 187 P.3d at 1118.
¶ 9 Regarding a person or party other than a parent or one who has established third-party rights with respect to a child, an order changing placement not only fails to conclude the dependency or termination proceeding, but also fails to adjudicate any party's right, and such an order remains subject to further modification pursuant to § 8-517. We concluded in Maricopa County Juvenile Action No. J-57445 that placement orders, when challenged by foster parents, are not final as they "do not constitute a reaffirmation of dependency status vis-a-vis the parent." 143 Ariz. at 92, 691 P.2d at 1120. In view of the limited legal rights available to all third parties, foster parents or relatives, we see no reason to distinguish the finality of a change-of-placement order in the context of a relative placement from that of a foster-home placement.
¶ 10 For these reasons, we conclude we lack jurisdiction of this appeal. Therefore, we dismiss the appeal.

As the parties acknowledged at oral argument, intervention of right is rare in this context, as the intervening party's interest generally does not meet that heightened standard. See Ariz. R. Civ. P. 24(a) (providing factors for intervention of right).

We do not foreclose, however, the possibility that a potential placement could be "aggrieved" by a juvenile court's express refusal to consider the statutory preferences at all and, thus, be permitted to seek special action relief.

At oral argument in this court, Jewel suggested that directing third parties to seek placement pursuant to § 25-409 would result in improper "forum shopping." We note, however, that in view of A.R.S. § 8-202, such proceedings, if brought during a dependency or other proceeding, would likely be consolidated with the juvenile proceeding. See Blevins v. Superior Court , 19 Ariz.App. 314, 506 P.2d 1099 (1973) (juvenile court has exclusive jurisdiction over custody determinations when juvenile a ward of the court).

Appeals of such orders by children may also be treated differently. Cf. In re Pima Cty. Juv. Action No. B - 9385 , 138 Ariz. 291, 293-94, 674 P.2d 845, 847-48 (1983) (children were of an age to appreciate their "rights and responsibilities," making them aggrieved parties in adoption proceedings). Because the children in this case did not separately appeal, we do not address that question.