IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JESSICAH C., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.P., *Appellees.*

No. 1 CA-JV 19-0207
FILED 1-21-2020

Appeal from the Superior Court in Maricopa County
No. JD532456
The Honorable David K. Udall, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

**OPINION**

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

**T H U M M A**, Judge:

¶1        Jessicah C. (Mother) appeals from an order granting a motion by the Department of Child Safety (DCS) to change physical custody of J.P., her dependent child. Although this court lacks appellate jurisdiction, treating Mother's appeal as a petition for special action, this court accepts jurisdiction but denies relief.

## FACTS AND PROCEDURAL HISTORY

¶2        In April 2019, DCS filed a dependency petition alleging Mother was unable to parent J.P., who was not yet two years old, because of domestic violence and substance abuse. From that time forward, J.P. has been in DCS' legal custody pursuant to a court order. For a time, however, J.P. remained in Mother's physical custody.

¶3        At a June 2019 hearing, Mother did not contest the dependency allegations. As a result, and after reviewing the dependency petition and a DCS report, the court found J.P. dependent as to Mother. Mother does not challenge that dependency finding, or the resulting disposition adopting a family reunification case plan. Instead, she seeks to appeal from an order granting DCS' motion, made at that same hearing after the dependency finding, to change physical custody of J.P. from Mother to DCS.

¶4        When making that motion, counsel for DCS asked whether the court would like oral argument or testimony on the motion. When the court asked whether Mother objected to the motion or wanted written filings, Mother's counsel responded, "my client does object to the change of physical custody and request[s] a hearing. So if the Court doesn't have a time for the hearing today, I would request a hearing or I'm ready to proceed with oral argument," adding "[w]hatever the Court prefers." The court then heard oral argument.

¶5        Counsel for DCS explained that Mother had not consistently participated in drug testing and also tested positive for methamphetamines in May and June 2019. Although Mother requested a hair follicle test, she missed the first appointment to provide a sample and refused to provide a sample at the second. Counsel for DCS argued there was no one in the home that could mitigate the safety risks created by Mother's "ongoing substance abuse," adding it was not in J.P.'s best interests to be at home with Mother.

¶6        In response, Mother's counsel denied that Mother was using illegal substances, arguing "[she] is complying with her services." Counsel further claimed Mother's employment was the reason she missed the drug tests, asserting she was willing to undergo a hair follicle test.

¶7 The guardian ad litem joined in DCS' motion, expressing concern about Mother's use of methamphetamines and her refusal to provide a sample for a hair follicle test. Although Mother and the DCS case manager were present, no one testified. After hearing argument, the court granted DCS' motion "[b]ased on Mother's positive drug test and refusal to give a hair follicle" sample. Mother then timely filed a notice of appeal.

## DISCUSSION

### I. This Court Lacks Appellate Jurisdiction Over Mother's Appeal.

¶8 This court has an independent obligation to determine whether it has appellate jurisdiction. *Dabrowski v. Bartlett*, 246 Ariz. 504, 511 ¶ 13 (App. 2019). If appellate jurisdiction is lacking, an appeal cannot proceed, and any decision in such an appeal would be void. *See Legacy Found. Action Fund v. Citizens Clean Elections Comm'n*, 243 Ariz. 404, 406 ¶ 9 (2018) (citing cases).

¶9 Appellate jurisdiction is defined by statute. *See, e.g., Campbell v. Arnold*, 121 Ariz. 370, 371 (1979); *Brionna J. v. Dep't of Child Safety*, 247 Ariz. 346, 349 ¶ 7 (App. 2019). An aggrieved party may "appeal from a final order of the juvenile court." A.R.S. § 8-235(A); *accord* Ariz. R.P. Juv. Ct. 103(A) ("Any aggrieved party may appeal from a final order of the juvenile court to the court of appeals."). "But, '[n]either the rules nor the statute define a final order for purposes of appeal.'" *Francisco F. v. Ariz. Dep't of Econ. Sec.*, 228 Ariz. 379, 381 ¶ 7 (App. 2011 (quoting *Rita J. v. Ariz. Dep't of Econ Sec.*, 196 Ariz. 512, 513 ¶ 2 (App. 2000)). As the party seeking to appeal, Mother has the burden to show this court has appellate jurisdiction. *See* Ariz. R.P. Juv. Ct. 106(A) (stating Ariz. R. Civ. App. P. 13(a)(4), which requires a statement of appellate jurisdiction, applies to juvenile appeals).

¶10 In claiming this court has appellate jurisdiction over her challenge to the order changing physical custody of J.P., a dependent child, Mother cites *Jewel C. v. Dep't of Child Safety*, 244 Ariz. 347, 350-51 ¶ 8 (App. 2018), and *In re Maricopa Cty. Juv. Action No. JD-500116*, 160 Ariz. 538, 542 (App. 1989). Neither case shows that appellate jurisdiction is present here.

¶11 *Jewel C.* held that an order granting a motion to change a dependent child's physical custody was not a "final order" from which an appeal could be taken. 244 Ariz. at 351 ¶¶ 7-8. In doing so, *Jewel C.* repeated that "[a] final order is one 'that disposes of an issue such that it conclusively defines the rights and/or duties of a party in a dependency proceeding.'" 244 Ariz. at 349 ¶ 3 (quoting *Francisco F.*, 228 Ariz. at 381 ¶ 7). Mother's appeal here does not challenge such a "final order." *Brionna J.*, decided

more recently and discussed more fully below, rejected the "final order" analysis in *JD-500116*. 247 Ariz. at 349 ¶ 10. In short, the cases cited by Mother do not show this court has appellate jurisdiction over her appeal.

**¶12** Arizona appellate opinions have not spoken with one voice about what constitutes a "final order" from which an appeal can be taken in a juvenile matter. *Compare In re Yavapai Cty. Juv. Action No. J-8545*, 140 Ariz. 10, 14–15 (1984) (stating, in finding an order dismissing a dependency is appealable, "an aggrieved party may appeal an order issued pursuant to the juvenile court's periodic review of a determination of dependency or of a custodial arrangement") *with In re Pima Cty. Juv. Action No. S-933*, 135 Ariz. 278, 280 (1982) (stating, in reinstating an appeal from an order granting severance, "[a] final order is one which ends the proceedings, leaving no question open for further judicial action"). Dependency and disposition orders are appealable. *Lindsey M. v. Ariz. Dep't of Econ Sec.*, 212 Ariz. 43, 45 ¶ 8 (App. 2006) ("[A] dependency disposition order . . . is a final, appealable order."). Mother, however, did not appeal from the dependency or disposition order; her appeal is from the order changing physical custody of J.P., issued after the dependency finding.

**¶13** Several opinions have found appellate jurisdiction lacking for similar challenges to orders changing physical custody of dependent children. Those opinions conclude such orders are not "final orders" subject to appeal, but that they could be challenged by special action. *See, e.g.*, *Brionna J.*, 247 Ariz. at 349-50 ¶¶ 9-12 (order denying motion for change of physical custody from placement to parent is not a "final order"); *Jewel C.*, 244 Ariz. at 350 ¶ 8 (order granting motion for change of physical custody from one placement to another is not a "final order"); *In re Maricopa Cty. Juv. Action No. J-57445*, 143 Ariz. 88, 92 (App. 1984) (same). *But see In re Maricopa Cty. Juv. Action No. JD-500116*, 160 Ariz. 538, 542-53 (App. 1989) (order changing physical custody was a "final order" under prior rule); *Gila River Indian Comm. v. Dep't of Child Safety*, 238 Ariz. 531, 533 ¶ 7 (App. 2015) (without discussion, exercising appellate jurisdiction over order denying motion to change physical custody). Although *Brionna J.* was an appeal by a parent, 247 Ariz. at 347 ¶ 1, these other cases finding appellate jurisdiction was lacking involved appeals by individuals other than a parent, *see Jewel C.*, 244 Ariz. at 349 ¶ 1 (appeal by great-grandparent); *No. J-57445*, 143 Ariz. at 89 (appeal by foster placement). But Section 8-235(A), which is the claimed basis for appellate jurisdiction here, does not suggest that the definition of a "final order" turns on who is seeking to appeal.

¶14 Particularly instructive are cases in which a parent has filed a motion to return a dependent child to that parent's care. *See* Ariz. R.P. Juv. Ct. 59. Even then, the order resolving such a motion is not a "final order" from which an appeal can be taken. *See Brionna J.*, 247 Ariz. at 349–51 ¶¶ 8– 14 (ruling on a Rule 59 motion is not a "final order," meaning a party seeking to challenge the order must seek special action relief). If that order is not a "final order" from which an appeal can be taken, it is difficult to see how, applying the same statute, the order Mother seeks to challenge here would be a "final order" from which an appeal can be taken.

¶15 "[B]ecause dependency proceedings implicate the 'important and fundamental right to raise one's children,'" this court does "not apply a 'narrow, technical conception of what constitutes a final order' under A.R.S. § 8-235(A)." *Brionna J.*, 247 Ariz. at 349 ¶ 8 (quoting *J-8545*, 140 Ariz. at 14). Instead, this court must consider "the practical effect" the order would have. *Maricopa Cty. Juv. Action No. JD-5312*, 178 Ariz. 372, 374 (App. 1994) (citing *J-8545*, 140 Ariz. at 14). Like other orders changing physical custody of dependent children, the order Mother seeks to challenge here "does not . . . change a child's dependent status," and does not have a "'substantial impact' on a parent's ability to participate in services." *Brionna J.*, 247 Ariz. at 349–50, ¶ 10. The order changing physical custody also does not "purport[] to be conclusive." *Id.*

¶16 None of this is to say that review by this court should not be available. It should. And where appropriate, review by this court should be available on an expedited basis. "Given the fluid, time-sensitive nature of placement determinations," *id.* at 350 ¶ 14, and given there is no "equally plain, speedy, and adequate remedy by appeal," Ariz. R.P. Spec. Act. 1(a), review by special action is appropriate. Indeed, review by special action is preferable because it allows an accelerated review by this court.

¶17 For these reasons, this court lacks appellate jurisdiction over Mother's appeal. However, given the interests involved, including the best interests of a child, this court in its discretion construes Mother's appeal as a petition seeking special action relief and accepts special action jurisdiction. *See Brionna J.*, 247 Ariz. at 350 ¶¶ 13-14; *A.R. v. Dep't of Child Safety*, 246 Ariz. 402, 405 ¶ 5 (App. 2019) ("Even if jurisdiction by appeal is lacking, this court has the 'discretion to consider the matter as a special action.'") (citation omitted).

## II.    Mother Has Shown No Reversible Error.

¶18        Mother argues her due process rights were violated when the court granted DCS' motion "without notice or an evidentiary hearing." Mother contends she lacked notice of the allegations in the motion, and, as a result, she was not able to adequately prepare for the hearing. Mother also argues that she did not have an opportunity to be heard in a meaningful manner and that she was entitled to an evidentiary hearing, not just oral argument. Mother, however, waived any claim that the court deprived her of due process when it ruled without taking evidence because she explicitly agreed to proceed with the motion on oral argument alone.

¶19        "Waiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment." *Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 125 Ariz. 53, 55 (1980). Waiver occurs through "acts inconsistent with an intent to assert the right." *Id.; accord Aleise H. v. Dep't of Child Safety*, 245 Ariz. 569, 572-73 ¶¶ 11-13 (App. 2018) (citing cases). Although Mother initially objected to the motion for change of physical custody and requested a hearing, Mother's counsel then stated she was "ready to proceed with oral argument." This statement to the superior court that Mother was "ready to proceed" by way of oral argument is inconsistent with her argument now that she was denied a right to an evidentiary hearing. Agreeing to an oral argument without any indication Mother was unprepared to do so also is inconsistent with later asserting a lack of notice.

¶20        The record does not suggest Mother offered to testify or present evidence. Neither did she make an offer of proof or otherwise identify potential evidence she might offer. The court has substantial discretion when considering evidence concerning the placement of children. *See* Ariz. R.P. Juv. Ct. 56 (stating a court "may consider evidence, in the form of testimony or documents"). The court considered the evidence in the record, including the DCS report provided earlier in the hearing, and arguments offered before granting the motion. Mother has not shown how the lack of an evidentiary hearing caused her prejudice.

¶21        Mother is bound by the assertions of her counsel; she "cannot gamble on the court's ruling by submitting a matter without objection and then, following an adverse ruling[,] complain." *Hale v. Brown*, 84 Ariz. 61, 65 (1958). By offering to proceed with the motion and stating she was ready for oral argument, Mother waived any claim that the failure to provide her a full evidentiary hearing deprived her of due process.

## CONCLUSION

**¶22**        Treating Mother's appeal as a petition for special action, this court accepts jurisdiction but denies relief.

