541 P.2d 404

In the Matter of the APPEAL IN MARI-
COPA COUNTY JUVENILE AC-
TION NO. J–79149.

No. I CA–JUV 28.

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 14, 1975.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

Moise Berger, Maricopa County Attys. by C. O. Lamp, Deputy County Atty., Phoenix, for appellee.

## OPINION

HAIRE, Chief Judge.

The sole question presented on this appeal is whether this Court has jurisdiction over the attempted appeal herein. Because this case involves a jurisdictional problem which has occurred before and which apparently arises from a standard practice in the Maricopa County Juvenile Court, the Court is issuing its decision as an opinion, rather than in the form of an order, for the guidance of those concerned with juvenile matters.

Before considering the merits of a juvenile appeal, this Court conducts a preliminary review of the record in order to determine whether or not it has jurisdiction. *Van Baalen v. Superior Court,* 19 Ariz.App. 512, 508 P.2d 771 (1973); *Howard P. Foley Company v. Harris,* 4 Ariz.App. 294, 419 P.2d 735 (1966). Such review in this case indicated an apparent lack of jurisdiction in this Court because of the absence of any appealable minute entry order or written order of disposition by the Juvenile Court.

The only notice of appeal filed herein recites that the appeal is from an order entered on September 9, 1974. The only *order* of that date in the record before this Court is a minute entry order assigning the case to a referee for hearing. There is a referee's report covering a hearing held before a referee on September 9, 1974, which was filed on September 12, 1974. Nowhere on this report or elsewhere in the record is there any indication of approval, adoption, or confirmation of the report by the court as its final order of disposition, and therein lies the problem. It appears that in many instances the Juvenile Court and all others concerned are treating such unapproved referees' reports as final orders of the court. The parties hereto were advised of the absence of any appealable order, and in response thereto, juvenile's counsel submitted a copy of the same referee's report, now dated September 30, 1974, and indicating "approval" by the entry in a box marked "Approved" of certain initials, with no indication of the name or title of the person doing the "approving". In the opinion of this Court, such initialed "approval", without any indication that it is the act of the Juvenile Court itself, is insufficient to make the report a final order of the court. There is thus *no order of disposition by the court*, as required by Rule 8(b), Rules of Procedure for the Juvenile Court, 17A A.R.S., and hence no appealable order. Rules 24 and 25, *ibid.*

Hearings by juvenile referees are quite permissible and are governed basically by A.R.S. § 8–231. Subparagraph F thereof provides that if no rehearing is ordered, "the findings and recommendations [of the referee] become the findings and order of the juvenile court *when confirmed.*" (Emphasis added). Juvenile Rule 8(b) is more specific, and requires that: "At the close of the dispositional phase, the court shall make its finding *by minute entry or written order.*" (Emphasis added). Rule 25(a) of the Juvenile Rules provides that:

"(a) An appeal must be taken within 15 days *after the final order is entered in the minutes* of the juvenile court. There is no requirement that a final order be in writing and signed by the judge before an appeal can be taken." (Emphasis added).

Under the last two rules, it is mandatory that a *minute entry* be made indicating that the final disposition has been made *by the court*, whether by adopting the referee's report or otherwise. This would also serve as the confirmation required by A.R.S. § 8–231F. Under the present procedure, there is no indication or record that the court itself ever saw or acted upon the report or actually made any disposition of the case.

We therefore hold that in order for there to be a valid final order of the Juvenile Court, there must be a minute entry reflecting the disposition action taken by that court, and not a mere initialing of approval on a referee's report. The minute entry may, of course, adopt the recommendations of the referee as the order of the court, but the file must contain at least that much.

Appellant's attempted appeal having been "perfected" before the entry of any appealable judgment or order, this Court has no jurisdiction except to dismiss it. *State v. Birmingham,* 95 Ariz. 310, 390 P.2d 103 (1964); *Consolidated Stage Co. v. Corporation Commission,* 66 Ariz. 75, 182 P.2d 937 (1947).

This appeal is therefore dismissed for lack of jurisdiction.

JACOBSON, P. J., and EUBANK, J., concur.