654 P.2d 1

**Gary Peter KLAHR, as Guardian ad litem for Jennifer Abra Rudman (Silver), Petitioner,**

v.

**The COURT OF APPEALS OF the STATE of Arizona, DIVISION ONE re: Maricopa County Juvenile Action No. JS–4246/JD–1192, Honorable C. Kimball Rose, Presiding Judge of the Juvenile Court in and for the County of Maricopa, Richard Herman Silver, Carol E. Rudman, Roger Rudman, Respondents.**

No. 16162–SA.

Supreme Court of Arizona, En Banc.

Oct. 20, 1982.

Rehearing Denied Nov. 23, 1982.

Gary Peter Klahr, guardian ad litem on behalf of Jennifer Abra Rudman (Silver), Phoenix, for petitioner.

Roger Rudman, in pro. per.

Carol E. Rudman, in pro. per.

Atmore L. Baggot, Phoenix, for respondent Silver.

HOLOHAN, Chief Justice.

The petitioner by this special action seeks to prohibit the Court of Appeals from proceeding further in cause No. 1 CA–CIV 6564–SA until petitioner may have an opportunity to appear and be heard by the Court of Appeals.

The facts necessary for a determination of this matter are that on June 1, 1981, Carol and Roger Rudman (Jennifer's natural mother and stepfather) filed petitions in the Juvenile Division of the Maricopa County Superior Court requesting: (1) that Dannielle, Jennifer and Mathew Silver be declared dependent children; (2) that the Court terminate the parental rights of Richard Silver (the natural father); and (3) that the Court appoint independent counsel for the minors. On June 3, 1981, Superior Court Judge C. Kimball Rose, presiding judge of the juvenile court, appointed an attorney to represent the children. On Oc-

tober 19, 1981, a hearing was begun before Judge Rose for a determination of the Rudmans' petitions.

On October 28, 1981, Judge Rose entered an order dismissing the petitions for dependency and termination of parental rights but ordered, pursuant to A.R.S. § 8–538(D), that custody of Jennifer and Dannielle Silver be awarded to their mother and that Mathew Silver's custody be awarded to his natural father. A formal written order confirming the foregoing was signed by the judge on November 10, 1981.

Richard Silver appealed to the Court of Appeals, but the appeal was dismissed as untimely. He subsequently petitioned for Special Action in the Court of Appeals. That court accepted jurisdiction and held, in an opinion filed September 2, 1982 (1 CA–CIV 6564–SA) that the order of the superior court entered in the minutes on October 28, 1981, and the written order dated November 10, 1981, were void for want of jurisdiction.

The petitioner maintains that Jennifer was not represented or provided an opportunity to be heard in the Court of Appeals. It is argued that Jennifer was a real party in interest and should have been joined as a party to the action in the Court of Appeals. 17A A.R.S., Rules of Procedure for Special Actions, rule 2.

Counsel for respondent Silver did serve a copy of the petition on the attorney who had represented the children in the juvenile court proceedings, but that attorney did not file a response or appear in the Court of Appeals on behalf of the children. It was the position of the attorney for the children that they had not been made parties to the action in the Court of Appeals, so he was not required to respond or ·appear in the matter.

Counsel for respondent Silver believed that the children had been made parties by listing the juvenile court case caption. He points out that A.R.S. § 8–236 and Rule 24 of the Rules of Procedure for the Juvenile Court provide that names of children shall not appear in the caption of an appeal from juvenile court. In counsel's judgment, the placing of the juvenile court case number satisfied the requirement of joining all real parties in interest without violating the statute or rules.

The special action rules do not contain any prohibition against naming children in the caption. We feel that the confusion which arose in this situation illustrates the need for a more specific reference to be made in the caption when the children in a juvenile court action are real parties in interest. To preserve the anonymity intended by the statute and the rules, the caption in a special action arising out of a juvenile proceeding may refer to the children when they are real parties in interest by designating them as "child or children in _____ County Juvenile Action No. ____." All parties are then on notice that the child or children who are subjects of the juvenile action are parties in the special action.

■ A question was raised whether counsel appointed for a child in a juvenile proceeding may represent the child in a special action. We have no hesitancy in answering that question in the affirmative. A.R.S. § 8–225 as amended in 1980 gives a child the right to be represented by counsel in all proceedings conducted pursuant to Title 8. A special action arising out of a proceeding under Title 8 is, in legal contemplation, an ancillary proceeding to the main action and may be considered as part of the proceeding conducted under Title 8.

The petitioner has raised a number of constitutional issues, but we believe that the resolution of this case may be determined on another basis.

■ It is apparent that the interests of Jennifer were not represented in the proceeding before the Court of Appeals. Under the Rules of Procedure for Special Actions she was a real party in interest and should have been joined in the action. Under A.R.S. § 8–225 she had a right to be represented by counsel in the special action

proceeding. She was not afforded the rights provided by law, and she is entitled to relief. She must be granted the right through counsel to respond to the petition filed in the Court of Appeals, and she has a right to be heard on the merits of the controversy.

The Court of Appeals is directed to retain jurisdiction of the petition in No. 1 CA–CIV 6564–SA and provide the petitioner with the opportunity to file a response and to be heard on the matter. By our action in this cause, we express no opinion on the merits of the matter to be heard by the Court of Appeals.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.