NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DANIEL F., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY,[1] C.F., *Appellees.*

No. 1 CA-JV 14-0017
FILED 07-17-2014

Appeal from the Superior Court in Yavapai County
No.  P1300JD201200025
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Law Office of Florence M. Bruemmer, PC, Anthem
By Florence M. Bruemmer
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Eric Knobloch
*Counsel for Appellee*

---

[1]     Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess. (Ariz. 2014) (enacted), the Department of Child Safety is substituted for the Arizona Department of Economic Security in this matter.  See ARCAP 27.

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

---

**G O U L D**, Judge:

¶1          The juvenile court denied Father's motion to dismiss the dependency of his son ("Child"), and Father appealed.  For the reasons that follow, we affirm.

## FACTUAL AND PROCCEDURAL BACKGROUND

¶2          Child was born in January 2004.  Father and Mother later divorced in August 2007.  Although Father was granted custody of Child in the divorce, both Mother and Father shared custody.  Mother was the physical custodian of Child at the time the Department of Child Safety ("DCS") initially became involved on February 23, 2012; Child was removed from Mother's custody and placed in temporary physical custody.  DCS filed a petition alleging that Child was dependent as to Mother and Father due to neglect.[2]  Early into the dependency Father consistently produced clean drug tests; as a result, the dependency was dismissed on May 30, 2012.

¶3          On October 2, 2012, DCS again took Child into temporary physical custody and filed another petition for dependency.  The petition alleged that Father was neglecting Child.  Father entered a plea of no contest to the dependency and the juvenile court found Child dependent as to Father in December 2012.

¶4          Father successfully participated in the services offered during the dependency; and, at a report and review hearing on December 17, 2013, Father made an oral motion to dismiss the dependency.  Father argued that he was in full compliance with the case plan and he felt DCS's continued involvement was hindering his ability to repair his relationship with Child.  Father sought to dismiss the dependency so he could regain custody of Child.  In making his motion to dismiss, Father asked the court

---

[2]          Mother is not a party to this appeal.

2

to enter a signed order or minute entry if it denied his motion, ostensibly so that he could appeal from that denial.

¶5 The juvenile court denied Father's motion at the conclusion of the report and review hearing; it signed a minute entry memorializing the same on December 17, 2013. The minute entry did not contain express findings that Child remained dependent; however, the court did note that dismissal of the dependency and return of Child to Father would be extremely traumatizing for Child. Father appealed.

## DISCUSSION

I. Appellate Jurisdiction

¶6 Father's notice of appeal specifically appeals from the court's order "denying the verbal motion of Counsel to dismiss the case and place the minor child . . . in his Father's custody." Father frames the issue on appeal as the court's failure to dismiss the dependency in accordance with Juv. R.P. 58(F)(1). Father argues the true basis of his appeal is the court's necessarily-implied finding that Child remained dependent, as evidenced by the fact the court did not dismiss the dependency at the conclusion of the report and review hearing.

¶7 "Before considering the merits of a juvenile appeal, this Court conducts a preliminary review of the record in order to determine whether or not it has jurisdiction." *Maricopa Cnty. Juv. Action No. J-79149*, 25 Ariz. App. 78, 78, 541 P.2d 404, 404 (1975). This court has jurisdiction over appeals from final orders of the juvenile court. Ariz. R.P. Juv. Ct. 103(A). A final order is an "order that disposes of an issue such that it conclusively defines the rights and/or duties of a party in a dependency proceeding." *Yavapai Cnty. Juv. Action No. J-8545*, 140 Ariz. 10, 15, 680 P.2d 146, 151 (1984). Typically, the denial of a motion to dismiss is a non-appealable, interlocutory order. *See In re Maricopa Cnty. Juv. Action No. JD-05401*, 173 Ariz. 634, 638, 845 P.2d 1129, 1133 (App. 1993); *Henke v. Superior Court (Gerst)*, 161 Ariz. 96, 98, 775 P.2d 1160, 1162-63 (App. 1989).

¶8 We recognize that in the context of dependency proceedings, orders that might appear to be interlocutory in nature, but have the effect of terminating a parent's visitation rights or substantially limiting those rights, are considered final, appealable orders. *See Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 45, ¶ 7, 127 P.3d 59, 61 (App. 2006). In light of the parties' fundamental rights involved, the focus is on the practical effect of the court's order. *Maricopa Cnty. Juv. Action No. JD-5312*, 178 Ariz. 372, 374, 873 P.2d 710, 712 (App. 1994). Accordingly, "orders

declaring children dependent and orders reaffirming findings that children are dependent are final orders subject to appeal." *Juv. Action No. J-8545*, 140 Ariz. at 14, 680 P.2d at 150.

¶9 Thus, in the present case the juvenile court's denial of Father's motion to dismiss the dependency had the practical effect of a finding that Child continued to be dependent. As a result, Father's appeal is the functional equivalent of an appeal from the court's order finding Child dependent—a final appealable order. *See Juv. Action No. JD-5312*, 178 Ariz. at 374, 873 P.2d at 712 (rejecting a narrow technical approach in cases involving a parent's fundamental rights).

II.      Disposition

¶10 Having concluded that we have jurisdiction over this appeal, we now turn to the merits. "[DCS] must prove dependency by a preponderance of the evidence." *Michael M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 230, 233, ¶ 10, 172 P.3d 418, 421 (App. 2007). "On review, we will accept the juvenile court's findings of fact unless they are clearly erroneous." *Id.*

¶11 The juvenile court's conclusion that Child remained dependent was not clear error. Child was initially removed from Father's custody due to Father's paranoid and delusional behavior. Although Father was participating in the services provided to him and had remedied some of the bases for the dependency, Child continued to display fear and distrust of Father, at times manifested by Child becoming physically ill prior to visitation with Father. This fear and anxiety was the result of the earlier conduct of Father that led to this dependency. Given his anxiety, Child indicated he did not want to increase visits with Father or be placed in Father's custody. Critically, instead of trying to address this issue and work on rebuilding Child's trust, Father did not recognize the trauma his visits were causing Child. Accordingly, we conclude the juvenile court's denial of Father's motion to dismiss and resulting continuation of the dependency to allow that trust to be rebuilt is supported by the record.

## CONCLUSION

¶12　　　　For the reasons discussed above, we affirm the juvenile court's denial of Father's motion to dismiss the dependency.



Ruth A. Willingham · Clerk of the Court
FILED: gsh